Peck, J.
delivered the opinion of the court.
Almyra M’Kay being about to marry Jones W. Allen, and inheriting lands from her father, and having also a negro girl and other property, herself and intended husband, previous to the marriage, settled all her estate (describing it) in the hands of Matthew Allen, as trustee, by deed duly proved and recorded.. The objects expressed were to secure to the intended wife and her heirs the use and benefit of said estate, free from and beyond the control of the debts and demands against him, the intended husband, to be by her possessed and used. The marriage *49 followed; she died shortly after the marriage, and left no heirs of her body.
Allen, the husband, after the death, got possession of the negro, and Lusk having obtained judgment against Allen, had an execution levied on her. The complainant administered on the estate of Mrs. Allen, sets up his right as administrator to the possession of the girl, and brings this bill to enjoin Lusk and all others from disposing of her.
Lusk in his answer insists on the honesty of his demand against Allen, and that in right of his wife the property at the death became his.
The deed is shown in proof; on the hearing the Chancellor, decreed an injunction, from which decree an appeal is prosecuted to this court.
This being the state of the case in the pleadings and proof, it is not indispensible we should decide in whom the right of property vested on the decease of Mrs. Allen.
If it were admitted that the husband is entitled upon the death of his wife to her separate personal estate by virtue of his marital rights, he must obtain it by taking out letters of administration. 3 Br. Ch. Cases, 10, note: 14 Ves. 273, 381-2.
Whether the administration granted to the complainant be rightful or not, is not now a question. “The only competent jurisdiction has clothed him with the trust, and as such he is entitled to the rights and credits of his intestate. If the husband is entitled, the administrator holds it in trust for him, and to him is accountable for the estate that shall remain after payment of the debts. 7 John. Ch. Rep. 229.
If the administrator, pays debts not rightfully chargeable upon the estate, he will do so in his own wrong, and consequently be held accountable.
Mrs. Allen had the entire right to the negro' girl; as much so as if she had continued s Je; and when she died leaving this estate, it was obviously liable to her debts *50 contracted before the mamare, and not recovered during the marriage. 01 necessity, therelore, administration on the estate should have been granted. The complainant, therefore, is entitled to the interference of this court. The decree was proper and is affirmed.
Decree affirmed.